IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DAVID STAGNER,,　　　　　　　　　　)
individually and on behalf　　　　　　　)
of all others similarly situated,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Case No. 16-1036-CV-W-FJG
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
HULCHER SERVICES, INC.,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendant.　　　　)

**ORDER**

Pending before the Court is Plaintiff's Motion for Conditional Certification of Class Claims under § 216(b) of the FLSA (Doc. No. 8). The Court considers this motion, below.

**I.　BACKGROUND**

In support of his motion for conditional certification, plaintiff provides only his own affidavit indicating that defendant violated the law. In plaintiff's underlying complaint, his two FLSA counts indicate that (1) defendant had a policy of failing to pay plaintiffs (both non-exempt laborers and non-exempt managers) for time worked for meetings and travel occurring before and after clocking in at and out of the job-site; and (2) defendant had a policy of failing to use a blended overtime rate of pay for employees who had multiple rates of regular pay, and instead defendant paid plaintiffs overtime by calculating from the lowest rate of pay. Plaintiff says that he saw this practice at seven of defendant's locations throughout the United States, and plaintiff is seeking to certify a collective action that includes employees in 31 different locations. Plaintiff's proposed class definition is: All current and former Non-Exempt Hourly Laborers and/or Non-Exempt Hourly

Managers, and others with similar compensation structures, who worked for Defendant at any time within the preceding three-year period at any of Defendant's locations nationwide.

In support of this motion, plaintiff has provided as support only his own affidavit, indicating that "all" similarly situated employees across the country worked more than 40 hours per week without receiving straight time for all hours worked and overtime compensation for hours worked in excess of 40 in a work week. Plaintiff does not identify any policy makers or anyone who told him what Hulcher's policy was, or give facts explaining how he knew that Hulcher would not compensate for all hours worked.

In response, defendant provides additional facts and a multitude of reasons why this case should not be certified as a collective action. Notably, plaintiff's complaint (Doc. No. 1) and the affidavit in support of plaintiff's motion for conditional certification provide very few facts about what he and other co-employees did at their job(s). Defendant clarifies in its response that it is a contractor that provides services to railroads, grain businesses, steel mills, ethanol producers, and general industry and environmental consultants (providing mechanical services, track maintenance services, environmental services/emergency response, and disaster response services). Defendant indicates that at all relevant times, it has employed different classifications of employees, including Division Managers, Assistant Division Managers in Training (ADMT), Laborers, Operators, and Apprentice Operators. Defendant provides affidavits showing that, at all relevant times, plaintiff Stagner was employed as Division Manager, which according to defendant's job description is a position that is exempt from FLSA overtime requirements due to the positions' duties and pay. The Division Managers supervise non-exempt employees, including ADMTS, Laborers, and Operators. Among the duties of the Division

2

Managers is to fill out the Daily Work Record, which lists the employees working on the job and their start and stop times. Thus, plaintiff Stagner would likely have been the one recording start and stop times for himself and all employees he supervised.

Defendant Hulcher further indicates that its "Daily Work Records Policy" states that "All work hours (including travel and standby) associated with a Hulcher project number (billable or non-billable) must be recorded.")  Doc. No. 25, p. 4.  The DWR Policy also provides that it is a violation of company policy to "intentionally not pay an employee for job-related work hours for time spent traveling to/from or working on Hulcher Services projects." Defendant Hulcher also notes that it employs 75 Laborers, who are represented by the Laborers International Union of North America ("LiUNA"), and the terms of their employment, including overtime, are governed by a Collective Bargaining Agreement (CBA).  Hulcher also employs 168 Operators, who are members of various unions and are subject to one of five different CBAs governing their overtime rates.

## II.     STANDARD

Plaintiffs bring their motion for conditional certification under the collective action provisions of the FLSA, 29 U.S.C. § 216(b). Under this provision, "[a]n action to recover [FLSA liability] . . .  may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." The Eighth Circuit has not dictated a standard for determining whether plaintiffs are similarly situated; however, district courts in this Circuit typically follow a two stage certification process: (1) the conditional certification or notice stage and (2) the opt-in or merits stage. Davis v. NovaStar Mortg., Inc., 408 F.Supp.2d 811, 814–15 (W.D.Mo. 2005); Kautsch v. Premier Communications, 504 F.Supp.2d 685, 688 (W.D. Mo. 2007).

> At this early stage of the litigation, the Court does not reach the merits of the Plaintiff's claims. Once the Court conditionally certifies the class,

potential class members are given notice and the opportunity to 'opt-in.' At the second step of the process, the defendants may move to decertify the class. This is typically done after the close of discovery when the Court has much more information and is able to make a more informed decision.

Uwaeke v. Swope Community Enterprises, Inc., No. 12-1415-CV-W-ODS, 2013 WL 3467062, at *1 (W.D.Mo. July 10, 2013) (internal citations omitted).

In determining whether conditional certification is appropriate under the FLSA the Court is to apply a "lenient standard" that requires only a "modest" factual showing. Kautsch, 504 F.Supp.2d at 688-89; Chapman v. Hy-Vee, Inc., No. 10-CV-6128-W-HFS, 2012 WL 1067736, at *2 (W.D. Mo. Mar. 29, 2012) (granting conditional certification and applying lenient, first-tier standard of review because "only a few depositions have been taken and a limited amount of documents exchanged"). "Plaintiffs can meet [their] burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Kautsch, 504 F.Supp.2d at 689. "There is no need to show that the would-be members of the class are actually similarly situated or that they are identical, but the plaintiff must present some evidence to demonstrate the class members are similar in important respects and are subjected to similar policies or circumstances." Dernovish v. AT&T Operations, Inc., No. 09-0015-CV-W-ODS, 2010 WL 143692, *1 (W.D. Mo. Jan. 12, 2010). However, "plaintiffs must present more than mere allegations . . . some evidence to support the allegations is required." Young v. Cerner Corp., 503 F.Supp.2d 1226, 1229 (W.D.Mo. 2007).

### III. ANALYSIS

Plaintiff asserts he has met the lenient requirements of conditional certification under the FLSA. In response, defendant indicates (1) plaintiff lacks standing to bring an FLSA claim because he was always an exempt employee; (2) plaintiff is not a proper class representative because (a) he was exempt; and (b) his interests as a management

4

employee are different from the interests of the laborer/operator employees he supervised (and filled out time cards for); (3) there are irreconcilable differences among the class (given that laborer/operator employees would need to point the finger at the management employees to prove their claims); (4) the class definition is inadequate, as plaintiff has provided no information on the details/job duties of his position or the positions of others in the class, leaving Hulcher and the Court to guess who is included (which is especially problematic given that Hulcher classified plaintiff as exempt); (5) plaintiff's declaration fails to establish a colorable basis for his claim that the class members were victims of a single decision, policy or plan (as required in conditional certification) because his single, bare-bones, declaration with only conclusory statements is insufficient (6) given defendant's written policy (which is the opposite of what is contained in the complaint/affidavit), plaintiff should have provided evidence showing that higher level managers directed or encouraged off-the-clock work, but no such evidence is provided; (7) off-the-clock work claims are too individualized to conclude class members are similarly situated, where class members would have different managers at different locations; and (8) the union status of the various laborer/operator employees creates factual dissimilarities fatal to conditional certification.

In plaintiff's reply, plaintiff calls the issue of whether he is exempt or not an attack on the merits, where defendant bears the burden of proof. However, the cases cited by plaintiff on this issue are claims where plaintiff alleges he has been misclassified as exempt by the defendant; here, plaintiff makes no such claims and simply asserts in the body of his complaint that he is non-exempt and that he seeks to represent classes of non-exempt employees. Such a claim would lead to mini-trials over whether plaintiff and others even belong to the class plaintiff seeks to represent. The Court further notes that

5

in more recent briefing regarding plaintiff's motion for leave to file an amended complaint (Doc. No. 55, which is not yet ready to rule) that plaintiff Stagner has now apparently conceded that he is an exempt employee, based on information provided at mediation. See Proposed Amended Complaint, Doc. No. 55-1, ¶¶ 17-18. The Court, therefore, finds defendant's arguments that plaintiff should be classified as an exempt employee to be persuasive. Given that status, plaintiff lacks standing to bring claims on behalf of the proposed classes of non-exempt employees. For that same reason, he is not a proper class representative, and his interests as a management employee diverge from those of the non-exempt employees. The Court further finds plaintiff's class definitions to be inadequate, as there is no information provided as to job duties and titles within those definitions, leaving the defendant and the Court to guess which types of employees should be included. The Court further finds that the union status of certain potential class members creates another divergence between plaintiff Stagner's interests and those of the putative opt-in class.

In sum, although the standard for conditionally certifying an opt-in class under the FLSA is lenient, plaintiff has not met that standard. Plaintiff's motion for conditional certification (Doc. No. 8) is **DENIED.**

## IV. CONCLUSION

Therefore, for the foregoing reasons, Plaintiff's Motion for Conditional Certification of Class Claims under § 216(b) of the FLSA (Doc. No. 8) is **DENIED.**

**IT IS SO ORDERED**.

Date: July 25, 2017        **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri      Fernando J. Gaitan, Jr.
     United States District Judge

6

Case 4:16-cv-01036-FJG   Document 58   Filed 07/25/17   Page 6 of 6