IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **DAVID STAGNER,**<br>**Individually, and on behalf of all others similarly situated,**<br><br>                        **Plaintiff,**<br>**v.**<br><br>**HULCHER SERVICES INC.,**<br><br>                        **Defendant.** | Civ. No.: 4:16-cv-01036-FJG |

## MOTION TO EXTEND THE DEADLINE FOR PHASE ONE DISCOVERY AND FOR MOTIONS FOR CONDITIONAL AND CLASS CERTIFICATION

COMES NOW Plaintiff David Stagner ("Plaintiff") by and through counsel, and respectfully requests that the Court extend the discovery deadline and the deadline for Motions for Conditional Certification under Section 216(b) of the FLSA[1] ("MCCC") and Motions for Class Certification under Rule 23 ("MCC"), for the reasons set forth below:

1. Plaintiff filed his Complaint on September 22, 2016, and Defendant filed its Answer on December 29, 2016.

2. The Court entered the Scheduling Order in this case in January 11, 2017, the First Amended Scheduling Order on April 19, 2017, and the Second Amended Scheduling Order on June 6, 2017.

---

[1] Although the Parties requested a MCCC deadline in the Report of Parties Planning Conference submitted to the Court, the Court declined to set one in the initial scheduling order filed on January 11, 2017 (Doc. 23) because a MCCC had already been filed before an Answer had been filed. Because Plaintiff's pre-Answer MCCC was denied on July 25, 2017 (Doc. 58), Plaintiff intends to file a renewed MCCC based on the discovery exchanged prior to the close of Phase 1 Discovery. Plaintiff requests that the MCCC deadline be treated as the same as the MCC deadline, as intended by the parties in the Report of Parties Planning Conference submitted to the Court.

1

3. Pursuant to the Second Amended Scheduling Order, the current deadline for Phase I discovery is November 2, 2017. The MCC deadline is also set for November 2, 2017.

4. The Parties had previously requested to extend the deadline for expert reports, motions to amend pleadings and motions to join additional parties so that they could be completed after the initial mediation in this matter, which was held on June 6, 2017. The matter was not resolved at mediation, however, the Parties decided to continue settlement efforts and held a second mediation on July 31, 2017.

5. Prior to the July 31, 2017, mediation, Plaintiff filed a Motion and Memorandum for Extension of Time to Amend the Pleadings ("Motion to Extend") (Doc. 52) and a Motion and Memorandum for Leave to File a First Amended Complaint ("Motion to Amend") (Doc. 55).

6. The Court denied Plaintiff's Motion for Conditional Certification of Class Claims on July 25, 2017 (Doc. 58).

7. The matter was not resolved at the July 31, 2017, mediation and the parties continued briefing Plaintiff's Motion to Amend and Motion to Extend.

8. The Court denied Plaintiff's Motions on September 7, 2017 (Doc. 62).

9. The Parties initially began discussing concerns Plaintiff has with Defendant's discovery responses in June 2017. The discussions were put on hold while the matter was being mediated and while the parties were waiting on the Court's decision regarding Plaintiff's Motion to Amend. Once those motions were decided, the parties resumed discovery conferences and have continued efforts to resolve the discovery dispute.

10. Plaintiff is requesting a discovery conference with the Court and requests additional time to allow Plaintiff to file a motion to compel Defendant's discovery responses, to allow Defendant additional time to supplement discovery, and to provide Plaintiff with sufficient

time to review any supplemental discovery prior to conducting a Rule 30(b)(6) deposition. Additionally, the Parties have reached several compromises regarding Defendant's discovery responses, and Defendants have agreed to supplement some of its discovery responses, but, to date, Defendant has not informed Plaintiff when such supplementation would be completed.

11. For the reasons set forth herein, the Plaintiff respectfully requests that the Court extend the date for close of Phase I discovery and the MCCC and MCC deadline to forty-five (45) days following either (1) a Court order denying a Motion to Compel filed by Plaintiff or (2) supplementation of discovery by Defendant pursuant to a Court order regarding a Motion to Compel filed by Plaintiff.

12. The Parties previously submitted a request to extend the deadlines for motions to amend pleadings and motions to add additional parties, with said motion being terminated by the Court following the entry of the Amended Scheduling Order. The Parties submitted a second request to extend scheduling order deadlines on May 31, 2017 (Doc. 45).

13. Plaintiff reached out to Defendant regarding the requested extension and Defendant has not responded to Plaintiff as to whether or not this extension will be opposed.

14. This Motion is made in good faith and not with the purpose of unnecessarily delaying the action, and the Defendant will not be prejudiced if the Court grants this Motion.

Dated: September 29, 2017      Respectfully submitted,

OSMAN & SMAY LLP

/s/ Matthew E. Osman
Matthew E. Osman,    MO Bar # 60137
Kathryn S. Rickley,   MO Bar # 59435
8500 W. 110th Street, Suite 330
Overland Park, Kansas 66204
Telephone:   (913) 667-9243
Facsimile:    (866) 470-9243
mosman@workerwagerights.com
krickley@workerwagerights.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2017, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

By:   /s/ Matthew E. Osman
ATTORNEY FOR PLAINTIFF